NEELY v. JACKSON COCA COLA CO.

(Division B.   Nov. 21, 1938.)

[184 So. 467.   No. 33394.]

Edwards & Edwards, of Mendenhall, for appellant.

Jas. B. Sykes, of Mendenhall, and Watkins & Eager, of Jackson, for appellee.

638

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, plaintiff in the court below, brought suit against the Jackson Coca Cola Company, a corpora-

tion domiciled in the city of Jackson, Mississippi, alleging that on the 12th day of April, 1937, the defendant had been engaged in the manufacture and bottling of the beverage called Coca Cola, and its sale to the retail trade and to the general public, representing it to be harmless and refreshing when taken into the human stomach, and free from all deleterious substances; that at all times mentioned in the declaration the defendant was engaged in the sale of Coca Cola to local retail merchants in Simpson county, among whom was G. W. Rogers, of Harrisville, who sold Coca Cola to the general public. Plaintiff alleged that on April 12th, 1937, accompanied by a friend, he went into the store and called for Coca Cola. Upon beginning to drink he discovered two flies in his bottle, undergoing decomposition; whereupon he became nauseated and began to spit and vomit, thereby being caused to suffer physical pain and mental anguish. Wherefore he filed this suit against the defendant company, demanding damages in the sum of $1,000.

The defendant, by its attorneys, plead not guilty in any respect of the wrong and injury alleged in the declaration, and put itself upon the country. Plaintiff thereupon moved the court to require the defendant, Jackson Coca Cola Bottling Company, to produce in court on trial of the cause, the contract between the company and one, Dukes, for the sale and delivery of the Coca Cola in Jackson to retail customers in Harrisville, and to G. W. Rogers in particular, a retail merchant at that place; to produce a record of sale of Coca Cola in bottles from the plant of defendant in Jackson to Dukes, for sale and delivery in the county of Simpson, and to merchants in Harrisville, for the month of April, 1937; and moved to require the defendant to produce any document in its possession showing the sales territory and delivery territory of Coca Cola by the said Dukes, including Simpson county and the village of Harrisville.

In answer to this motion, which the defendant resisted, it was stated that the defendant had no contract with the said Dukes for the sale and delivery of Coca Cola in bottles, or otherwise, to retail customers in Simpson county, or to the village of Harrisville, and that it had no record of such sales for the month of April, 1937; had no documents in its possession showing any sales territory, or delivery to the said Dukes, for Simpson county or for Harrisville. And in further answer, the defendant alleged that it had not been engaged in the bottling, sale or distribution of Coca Cola in Simpson, or any other county of Mississippi, for the past fifteen years; that it had no agents or representatives engaged in the bottling or sale of said beverage in the state of Mississippi. Defendant stated that it owns a plant and machinery situated in Jackson, Mississippi, which is now, and has been for some fifteen years, operated exclusively by P. L. Borden, to whom both plant and machinery are leased, and who is the sole proprietor and operator of the bottling plant and machinery in question, and the sole distributor of the Coca Cola bottled in said plant. That the said Dukes referred to in the motion is not an employee of the defendant; and that the defendant did not make any sale of Coca Cola on or about the 12th day of April, 1937, or at any other time, to G. W. Rogers, a retail merchant of Harrisville, Mississippi.

On the hearing Borden testified, producing copies of the lease, that he was a lessee of the Coca Cola Bottling Company plant and equipment, and operated the said business as lessee. It appeared from the lease produced at the trial that the Coca Cola Bottling Company leased to Borden all the property, real, personal and mixed, supplies excluded, owned by the lessor in the state of Mississippi, consisting of two Coca Cola plants, one in Jackson, in the first district of Hinds county, and one in Durant, Holmes county, together with all improvements and appurtenances, as well as all property in the state owned by the lessor, supplies excepted; the lease

to begin on the first day of July, 1922; and it was re-newed from time to time.

In the lease it was agreed that the lessee should pay to the lessor quarterly the sum of $10,000 per annum during the continuance of the lease; and to pay all taxes assessed against the property, pay the premiums on fire and tornado insurance, and make such repairs as the lessee might desire. And that the lessor conveyed, sold and delivered to the lessee all supplies on hand July first, 1922, with the understanding that at the termination of the lease, the lessee should convey to the lessor supplies of like kind, of equal value. That at the end of each annual period during the continuance of this lease all net profits from the operation of such business by the lessee, above the sum of $6,000, should be paid as follows: To J. T. Lupton, of Chattanooga, Tennessee, one fourth; to C. T. Lupton, of Chattanooga, one fourteenth; to Mrs. J. L. Snyder, of Charlotte, North Carolina, one seventh; Estate of J. B. Whitehead, Atlanta, Georgia, one seventh; Mrs. L. M. Fitten, Atlanta, two sevenths; P. L. Borden, Jackson, Mississippi, two sevenths. It was further provided in the lease that during its continuance the lessee should operate the Coca Cola bottling plants on his own account, and at his own expense, and not incur any obligation whatever on behalf of the lessor, and that the management and control of the business should be in the hands of the lessee, the lessor to have no control or right of direction over the business. And further, that if in the opinion of the lessor the lessee should become incapacitated during the period covered by the lease, or if he should die, the lessor should have the right to cancel the lease upon giving thirty days' notice in writing to the lessee or to his personal representative.

It was shown in the proof that a man named Dukes was driving a truck containing bottled Coca Cola, on the side of which truck was painted "Jackson Coca Cola Bottling Company," but it is not shown that he was an employee of the company; nor was the lease above set

forth disputed by any competent evidence. The plaintiff introduced, over objection, some advertisement in a Simpson county newspaper in 1934, purporting to be an advertisement of the Jackson Coca Cola Company, recommending Coca Cola as a popular and delightful beverage, and stating that the company served the trade, etc. While this advertisement occurred during the period of the lease, and years after Borden took control of the plant and equipment, it was not shown that it was authorized or paid for by the Jackson Coca Cola Bottling Company, or how it happened to appear in the newspaper; and furthermore, it was approximately three years prior to the alleged sale by Dukes to the merchants in Harrisville.

The court, on the request of the defendant, granted a peremptory instruction, and judgment was entered accordingly; from which judgment this appeal is prosecuted.

We are of the opinion that the evidence is wholly insufficient to make out a case of liability, and the court was correct in granting the peremptory instruction to find for the defendant. The judgment is therefore affirmed.

Affirmed.